IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRAXTON MICHAEL WHITE,<br><br>              Plaintiff,<br><br>    vs.<br><br>HALL COUNTY, STATE OF NE, HALL COUNTY DISTRICT COURT, Official capacity; HALL COUNTY DEPARTMENT OF CORRECTIONS, Official capacity; GRAND ISLAND POLICE DEPARTMENT, Official capacity; and GERALD WAYNE HARRIS, Individual capacity;<br><br>              Defendants. | **8:25CV13**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Braxton Michael White ("Plaintiff" or "White") filed his Complaint while he was in the custody of the Hall County Department of Corrections ("HCDC"). Filing No. 1. On June 24, 2025, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis ("IFP") indicating he was no longer incarcerated. Filing No. 17. The Court granted Plaintiff leave to proceed IFP as a non-prisoner. Filing No. 18. The Court will now conduct an initial review of Plaintiff's Complaint, Filing No. 1, pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF THE COMPLAINT[1]

The caption of the Complaint indicates that Plaintiff is suing Hall County, Nebraska, under 42 U.S.C. § 1983 for violations of Plaintiff's civil

---

[1] The Court has also considered Plaintiff's "Supplement" to the Complaint, Filing No. 19.

rights. Filing No. 1 at 1. Though the caption[2] identifies only Hall County as a Defendant, the body of the Complaint lists several other defendants: The Hall County District Court, the HCDC, the Grand Island Police Department ("GIPD"), and an individual, Gerald Wayne Harris. *Id.* at 2-3. Plaintiff claims the Defendants violated his right to a fair trial, his right to access proper medical care while incarcerated, his right to due process, and his rights under the Fourth Amendment. *Id.* at 3. Plaintiff also alleges he received ineffective assistance of counsel, was falsely imprisoned, and lists "PREA," which presumably refers to the Prison Rape Elimination Act, 42 U.S.C. § 15601, *et seq*. Filing No. 1 at 3.

Plaintiff alleges the GIPD failed to properly investigate Plaintiff for "the crime I was accused of." Filing No. 1 at 5; Filing No. 19 at 2. Plaintiff asserts GIPD failed to obtain Plaintiff's statements and "no investigator called me for my side of the story." Filing No. 19 at 2. Plaintiff also asserts GIPD unlawfully obtained his phone records without a warrant. Filing No. 1 at 5. According to Plaintiff, GIPD "[u]nlawfully obtained private information irrelevant to the crime committed from [Plaintiff's] Google account without presenting [Plaintiff] a warrant." Filing No. 19 at 2.

Plaintiff alleges the Hall County District Court violated his right to a fair trial. *See* Filing No. 1 at 5. Plaintiff first alleges that the Hall County District Court "caused financial issues for me." Filing No. 19 at 1. Plaintiff had to resign his assistant manager position and lost his car, service animal, and had to delay finding a place of residence. *Id.* The Hall County District Court caused further financial and medical issues when it placed Plaintiff in a 90-

---

[2] The Court's docket identifies the State of Nebraska as a Defendant. It appears this is so because the caption reads "Hall County, State of NE." Filing No. 1 at 1. However, Plaintiff asserts no claims against the State of Nebraska and any such claims would likely be barred by sovereign immunity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995). Accordingly, the Clerk of Court is instructed to remove the State of Nebraska from the docket in this matter.

day evaluation at the Reception and Treatment Center ("RTC"). *Id.* Plaintiff asserts that the evaluation was deemed unnecessary by RTC staff and by Plaintiff's pre-sentence investigator. *Id.*

Plaintiff also asserts that the Hall County District Court failed to provide Plaintiff with effective assistance of counsel. Filing No. 1 at 5. Plaintiff asserts that he had to do most of the work for his criminal case. Filing No. 19 at 1. Plaintiff's counsel tricked Plaintiff "into waiving rights and ultimately quit representation" during Plaintiff's criminal case. *Id.* The Hall County District Court also "accepted tampered evidence" from the victim in Plaintiff's criminal case and convicted Plaintiff of terroristic threats "based on hearsay statements." *Id.*

Plaintiff alleges that the HCDC failed to properly care for Plaintiff's medical needs while Plaintiff was detained. Filing No. 1 at 3; Filing No. 19 at 2. Plaintiff has been diagnosed with autism, severe depression, anxiety, and post-traumatic stress disorder ("PTSD"). Filing No. 19 at 2. Plaintiff states he "did not have a chance to bring in" his medication after he was arrested, and his medication was eventually thrown away. *Id.* He alleges he was forced to threaten suicide to get the medication he took before his arrest. *Id.* HCDC also refused to "release" Plaintiff's prescriptions to his doctor after Plaintiff was released from custody. *Id.*

Plaintiff also alleges that HCDC failed to properly investigate an incident, in violation of PREA standards. *Id.* Plaintiff alleges that five inmates, including Plaintiff, were groped by a corrections officer during a pat down search. *Id.* Plaintiff filed a grievance, but the grievances were eventually dismissed. *See* Filing No. 1 at 7; Filing No. 19 at 2.

Plaintiff seeks $65 million in damages and termination of the GIPD officers, prosecutors, and judges involved. Filing No. 1 at 5. Plaintiff also seeks termination of the bar licenses of the prosecutors. Id.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

4

framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff has not stated a plausible claim against any of the named defendants.

### A. Claims Against Hall County

To the extent Plaintiff asserts claims against Hall County, they must be dismissed. To prevail on a claim alleged against Hall County, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence,* 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.,* 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986)).

Plaintiff's Complaint does not contain any facts from which it might reasonably be inferred that the County had an unconstitutional policy or custom which caused the alleged violations of Plaintiff's rights. *Crumpley Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 591 (8th Cir. 2004) ("At a minimum, a complaint must allege facts which would support the existence of

5

an unconstitutional policy or custom."); *see also Iqbal*, 556 U.S. at 679 ("[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). Accordingly, Plaintiff's claims against Hall County must be dismissed.

## B. Claims Against Hall County District Court

Even construed liberally, each of Plaintiff's claims against the Hall County District Court must be dismissed. Courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the Eleventh Amendment. *Harris v. Mo. Ct. of App.*, 787 F.2d 427, 429 (8th Cir. 1986). The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Moreover, a suit may be brought under § 1983 only against a "person" who acted under color of state law and a court is not a "person" within the meaning of § 1983. *Harris*, 787 F.2d at 429. Accordingly, Plaintiff's claims against the Hall County District Court must be dismissed.

Further, all of Plaintiff's claims against the Hall County District Court challenge the validity of his underlying conviction and are therefore barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) or the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983)). In *Heck*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where

the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck,* 512 U.S. at 486–87. Plaintiff did not assert that his conviction has been set aside or otherwise held invalid. His filings suggest that he has not even been sentenced on the conviction he challenges. *See* Filing No. 6 at 1. Therefore, he has not stated a cognizable claim under § 1983.

## C.  Claims Against GIPD

Plaintiff's § 1983 claims may not be asserted against the GIPD because "it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit." *Ferrell v. Williams Cty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014); *see also Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such . . . [t]hey are simply departments or subdivisions of the City government"). Plaintiff's claims against GIPD must therefore be dismissed.

## D.  Claims Against HCDC

Plaintiff's claims against the HCDC must similarly be dismissed from this action without prejudice because, like the GIPD, the HCDC it is not a distinct legal entity subject to suit. *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (county jail and sheriff's department not legal entities subject to suit) (collecting cases); *Mixon v. Omaha Police Dep't*

*Officers,* No. 8:17CV325, 2019 WL 2143882, at *2 (D. Neb. May 16, 2019) (county department of corrections not distinct legal entity subject to suit) (collecting cases). Accordingly, any claims against the HCDC are dismissed.

Though Plaintiff's claims against the HCDC are subject to dismissal, the Court will grant Plaintiff leave to file an amended complaint. Plaintiff appears to assert a claim for deliberate indifference to Plaintiff's medical needs.[3] To establish an Eighth Amendment[4] claim for deprivation of medical care, an inmate must allege that the prison official was deliberately indifferent to the inmate's serious medical needs. *Schaub v. VonWald,* 638 F.3d 905, 914 (8th Cir. 2011). Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 410 (1997). "This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it." *Schaub,* 638 F.3d at 914. (internal quotations and citations omitted). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation and citation omitted).

> Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of

---

[3] Plaintiff also cites PREA as grounds for his claim against HCDC. However, PREA "does not create a private right of action enforceable by an individual civil litigant." *Scott v. Haynes,* No. 4:23-CV-04115-RAL, 2024 WL 1049485, at *25 (D.S.D. Mar. 11, 2024), *reconsideration denied,* 2024 WL 2045748 (D.S.D. May 8, 2024) (internal quotation omitted).

[4] Plaintiff's allegations are not clear as to whether Plaintiff was in HCDC custody following a conviction or whether he was a pretrial detainee. Although a pretrial detainee must assert constitutionally deficient medical care under the Fourteenth Amendment, the Eighth Amendment deliberate-indifference standard applies. *Scott v. Benson,* 742 F.3d 335, 339 (8th Cir. 2014). If Plaintiff chooses to file an amended complaint, he should allege whether he was incarcerated after a conviction or as a pretrial detainee.

> harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision.

*Id.* at 914-15 (internal quotations and citations omitted).

Plaintiff appears to allege that jail officials failed to provide his prescribed medication while in custody. However, while "the knowing failure to administer prescribed medicine can itself constitute deliberate indifference," *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 796 (8th Cir. 2006), a decision to initially administer conservative treatment does not necessarily constitute deliberate indifference. Differences of opinion, mistakes, and even medical malpractice do not meet the exacting standard of deliberate indifference. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) ("At best, [the plaintiff's] allegations state a difference in opinion between himself and his doctors or allege a mistake in classification or treatment. Neither differences of opinion nor medical malpractice state an actionable Constitutional violation."). If Plaintiff files an amended complaint, he must specify how jail officials knew of Plaintiff's serious medical need yet deliberately disregarded it.

Further, if Plaintiff chooses to file an amended complaint, he must also identify the individuals who violated his constitutional rights. In other words, to successfully state a claim under § 1983, Plaintiff must allege each individual defendant's personal involvement in the alleged violation. *Kingsley v. Lawrence Cnty., Mo.*, 964 F.3d 690, 700 (8th Cir. 2020). To show personal involvement, Plaintiff must allege the defendants were not only "aware of facts from which the inference could be drawn that a substantial risk of serious harm existed," but that he "also dr[e]w the inference." *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (quoting *Davis v. Oregon Cnty.*, 607 F.3d 543, 548-49 (8th Cir. 2010)); *see also Kulkay v. Roy*, 847 F.3d 637, 644 (8th Cir. 2017)

9

(quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("To show deliberate indifference via circumstantial evidence, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'").

In sum, if Plaintiff chooses to file an amended complaint, it must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (2007)). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914 (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). Plaintiff's complaint does not allege enough facts to support the claims alleged, nor does the complaint give fair notice of what the claim is and the grounds upon which it rests. If Plaintiff chooses to file an amended complaint, it must comply with these rules.

### III. PLAINTIFF'S OTHER MOTIONS

Plaintiff filed a "Motion for Release," Filing No. 6, that requests release from the Reception and Treatment Center in Lincoln, Nebraska. Plaintiff's later filings indicate that he has been released. *See* Filing No. 14; Filing No. 17. Accordingly, the Motion for Release is denied as moot.

Plaintiff also moves to dismiss Defendant Gerald Wayne Harris, Filing No. 7. The Court liberally construes Plaintiff's Motion as a motion to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41. Having considered the Motion, the Court concludes Plaintiff's claims against Davis will be dismissed.

### IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to immediate dismissal under 28 U.S.C. § 1915(e)(2). However, the Court on its own motion will give Plaintiff 30 days in which to file an amended complaint. If an amended complaint is not filed within 30 days, this action will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days in which to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within 30 days will result in the Court dismissing this case without prejudice, and without further notice to Plaintiff. Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him.

2. If Plaintiff files an amended complaint, he shall restate the *pertinent* allegations of the Complaint and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. In filing an amended complaint, Plaintiff should be mindful to identify each defendant, explain what each defendant did to him, when the defendant did it, and how each defendant's actions harmed him.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

5. The Clerk of the Court is directed to send to Plaintiff a form Complaint for Violation of Civil Rights (Prisoner).

6. The Clerk of the Court is directed to set the following pro se case management deadline: **September 19, 2025**—amended complaint due.

7. Plaintiff's "Motion for Release," Filing No. 6, is denied as moot.

8. Plaintiff's request to dismiss Defendant Gerald Wayne Harris, Filing No. 7, is granted.

9. The Clerk of the Court is directed to remove "State of NE" and "Gerald Wayne Harris" as defendants to this action.

Dated this 20th day of August, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge

12