IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRAXTON MICHAEL WHITE,<br><br>Plaintiff,<br><br>vs.<br><br>HALL COUNTY, HALL COUNTY DISTRICT COURT, Official capacity; HALL COUNTY DEPARTMENT OF CORRECTIONS, Official capacity; and GRAND ISLAND POLICE DEPARTMENT, Official capacity;<br><br>Defendants. | 8:25CV13<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Braxton Michael White's amended complaint. Filing No. 21. The Court now conducts an initial review of Plaintiff's claims in the amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons stated herein, this case will be dismissed for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff's initial complaint was filed on January 13, 2025. Filing No. 1. Upon initial review, the Court concluded Plaintiff had failed to state a claim. Specifically, the Court explained the Hall County District Court has Eleventh Amendment immunity from any lawsuit for damages, Filing No. 20 at 6; the Hall County Department of Corrections (HCDC) and the Grand Island Police Department (GIPD) were not entities which could be sued under 42 U.S.C. § 1983, Filing No. 20 at 7-8; and Plaintiff failed to state a § 1983 claim against Hall County because he did not allege his injuries arose from a Hall County

custom or policy, Filing No. 20 at 5-8. Plaintiff was granted leave to amend to explain his potential claim of deliberate indifference to Plaintiff's medical needs. Filing No. 20 at 8-9. The order further stated that "if Plaintiff chooses to file an amended complaint, he must also identify the individuals who violated his constitutional rights. In other words, to successfully state a claim under § 1983, Plaintiff must allege each individual defendant's personal involvement in the alleged violation." Filing No. 20 at 10 (citing *Kingsley v. Lawrence Cnty., Mo.*, 964 F.3d 690, 700 (8th Cir. 2020)).

Plaintiff's amended complaint, Filing No. 21, again names the Hall County District Court, Hall County, HCDC, and GIPD as defendants.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Plaintiff's amended complaint does not name any individuals as defendants, and it does not further explain any Eighth Amendment claim for failing to provide medical care. Instead, Plaintiff has again sued the Hall County District Court, Hall County, HCDC, and GIPD.

As previously explained in detail, the Hall County District Court has Eleventh Amendment immunity from suit. "Courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the Eleventh Amendment." Filing No. 20 at 6 (citing *Harris v. Mo. Ct. of App.*, 787 F.2d 427, 429 (8th Cir. 1986)). So, Plaintiff's claim against the Hall County District Court must be dismissed.

The Court's prior order also advised Plaintiff that HCDC and GIPD are not entities that can be sued. Filing No. 20 at 7-8 (citing *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) and *Mixon v. Omaha Police Dep't, Officers*, No. 8:17CV325, 2019 WL 2143882, at *2 (D. Neb. May 16, 2019)). And the Court explained that any claim against

3

Hall County must contain "facts from which it might reasonably be inferred that the County had an unconstitutional policy or custom which caused the alleged violations of Plaintiff's rights." Filing No. 20 at 5 (citing *Crumpley Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004)).

Plaintiff's amended complaint contains no allegations supporting a claim that his constitutional rights were violated due to compliance with a Hall County policy or custom. Plaintiff also fails to name or identify any individuals who allegedly violated his constitutional rights and how they were personally involved in causing the violations. Plaintiff's amended complaint fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's amended complaint fails to allege a plausible claim for recovery against the Hall County District Court because it is immune from suit under the Eleventh Amendment, and Plaintiff's allegations fail to state a claim against the Hall County, GIPD and HCDC. This case must be dismissed.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.

Dated this 3rd day of October, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge